# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 13 B 25893 |
| ) | Chapter 13 |
| EDWARD J. PAJIAN, ) | Judge Donald R. Cassling |
| ) | |
| Debtor. ) | |

## MEMORANDUM OPINION

Ninety-eight days after the claims bar date had passed, Lisle Savings Bank (the "Bank") filed a single proof of claim (the "Claim") asserting two separate debts--one secured and one unsecured. In response to the objection of Edward J. Pajian (the "Debtor") that the Bank's Claim was filed too late to be allowed, the Bank has made three primary arguments: First, that a secured creditor need not file a proof of claim at all; second, that the claims bar date of Bankruptcy Rule 3002(c) does not apply to secured claims; and third, that a pleading the Bank filed two months before the claims bar date had passed which referenced the unsecured claim constituted an "informal" proof of claim. While the Bank's first argument is obviously correct under the United States Supreme Court's decision in *Dewsnup v. Timm*,[1] it ignores that fact that a secured creditor wishing to participate in a debtor's plan of reorganization must first have an allowed proof of claim on file. However, the Court agrees with the Bank's second argument and holds that, at least in a District such as this one, in which a confirmed plan is treated as a binding contract between the debtor and his creditors,[2] a secured creditor wishing to receive distributions under a debtor's plan may file its proof of claim at any time prior to plan confirmation. Because the Debtor's plan has not yet been confirmed, the Bank's secured Claim was timely filed and is

---

[1] 502 U.S. 410, 418-19 (1992) (stating that a lien on real property passes through bankruptcy unaffected).
[2] *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 755 (7th Cir. 2002).

deemed allowed. The Court rejects the Bank's third argument and holds that the pleading that the Bank filed prior to the claims bar date will not be considered an informal proof of claim because it was not filed for the purpose of notifying the Debtor and other creditors of the nature and amount of the Bank's unsecured claim. Because the Bank failed to file its unsecured Claim prior to the claims bar date, its unsecured Claim is disallowed.

## I. JURSIDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter concerns an objection to a proof of claim and is therefore a core proceeding under 28 U.S.C. § 157(b)(2)(B). An objection to a proof of claim "stems from the bankruptcy itself" and may constitutionally be decided by a bankruptcy court. *Stern v. Marshall*, 131 S. Ct. 2594, 2618 (2011).

## II. BACKGROUND

On June 25, 2013, the Debtor filed his voluntary Chapter 13 petition.[3] The Clerk of the Court mailed a copy of the Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice") to all creditors, including the Bank. (Ex. No. 1 to Obj. to Claim No. 5.) This Notice informed all creditors that the deadline to file a proof of claim was October 15, 2013. (*Id.*)

Notwithstanding its receipt of this Notice, the Bank did not file its Claim until January 21, 2014, ninety-eight days after the claims bar date had passed. (Ex. No. 2 to Obj. to Claim No. 5.) The Claim, in the amount of $330,472.19, is comprised of two components, one secured and one unsecured. (*Id.*)

---

[3] This is the Debtor's fourth bankruptcy case. His third case was dismissed on May 31, 2013, within one year of the filing of this fourth petition. Because the third case was dismissed within one year of the filing of this case, the automatic stay would have terminated after thirty days under 11 U.S.C. § 362(c)(3)(A) but for the fact that the Debtor moved for and obtained an extension of the automatic stay, over the Bank's written objection.

2

The secured component of the Claim is evidenced by a first mortgage on commercial property located at 4716 Main Street, Lisle, Illinois (the "Lisle Property"), in which the Debtor owns a one-half interest. (*Id.*) The total secured amount due as of June 25, 2013, the date of the Chapter 13 filing, is $233,229.68. (*Id.*) The unsecured component of the Claim arises out of a deficiency judgment of $96,979.47 in the Bank's favor entered in a state court foreclosure proceeding on the Debtor's residence located at 9 West 14th Avenue, Naperville, Illinois (the "Naperville Property"). (*Id.*) The total unsecured amount due the Bank as of June 25, 2013, including interest, is $97,242.51. (*Id.*) The Bank's Claim is therefore based upon two separate loans to the Debtor, originally secured by mortgages on two different properties. Neither party disputes this fact.

Although the Bank did not file its Claim until ninety-eight days after the claims bar date had passed, it did, on July 12, 2013, file a response to the Debtor's motion seeking to extend the automatic stay.[4] (Docket No. 15.) Significantly for the purposes of the present dispute, the Bank attached to its response a copy of the deficiency judgment entered in the state court foreclosure action against the Debtor regarding the Naperville Property. (Ex. G to Obj. to Mot. to Extend the Automatic Stay.) In opposing the Debtor's motion to extend the automatic stay, the Bank argued that the Debtor had filed this bankruptcy case in bad faith and solely to keep the Bank from foreclosing on its security interests. It is clear from reading the Bank's objection that its purpose in attaching a copy of its state court deficiency judgment to its objection was to document the foreclosure action that features prominently in the Bank's allegation of bad faith, not to document the nature and amount of its claim against the Debtor.

---

[4] *See* note 3, *supra*.

### III. APPLICABLE STANDARDS REGARDING THE FILING OF CLAIMS

Bankruptcy Rule 3001(f) provides that "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f); *see also In re Salem*, 465 F.3d 767, 779 (7th Cir. 2006). As a result, a claim is normally deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a).

Claim objectors bear the initial burden to produce some evidence to overcome the rebuttable presumption of allowability. *In re McCoy*, 355 B.R. 69, 72 (Bankr. N.D. Ill. 2006); *In re O'Malley*, 252 B.R. 451, 455-56 (Bankr. N.D. Ill. 1999). Once the objector has produced evidence questioning the allowability of a claim, the burden shifts back to the claimant to produce evidence to refute the objection. *O'Malley*, 252 B.R. at 456.

In a Chapter 13 case, Bankruptcy Rule 3002(c) requires that a creditor's proof of claim be filed within ninety days of the first date set for the meeting of creditors. Fed. R. Bankr. P. 3002(c); *see also In re Unroe*, 937 F.2d 346, 349 (7th Cir. 1991). None of Bankruptcy Rule 3002(c)'s exceptions to this deadline apply in this case. As a general rule, late-filed claims are completely barred in a Chapter 13 case from participating in distributions from a debtor's plan. *In re Tarbell*, 431 B.R. 826, 827 (Bankr. E.D. Wis. 2010); *In re Tucker*, 174 B.R. 732, 744 (Bankr. N.D. Ill. 1994).

Section 502(b)(9) of the Bankruptcy Code provides that, unless there is an objection to a claim, the court "shall allow such claim ... except to the extent that ... proof of such claim is not timely filed." 11 U.S.C. § 502(b)(9). While § 726(a)(2)(C) of the Code provides that a late-filed claim in a Chapter 7 case will be allowed but subordinated to timely filed claims, there is no similar saving provision with respect to Chapter 13 cases. *Tarbell*, 431 B.R. at 827. In a case involving late-filed unsecured claims, the Seventh Circuit has ruled that claims not filed within

4

the ninety-day limit set forth in Bankruptcy Rule 3002(c) are barred. *In re Greenig*, 152 F.3d 631, 634 (7th Cir. 1998).

## IV. DISCUSSION

### A. While the Bank Was Not Required to File a Proof of Claim to Preserve Its Lien Rights, It Was Required to File a Proof of Claim to Secure Distributions Under the Plan

The Bank first argues that it was not required to file a proof of claim at all because it is a secured creditor. The Bank is of course correct that there is nothing in the Bankruptcy Code or Rules that requires a secured creditor to file a proof of claim. *See Strong v. United States (In re Strong)*, 203 B.R. 105, 111-12 (Bankr. N.D. Ill. 1996). Indeed, a secured creditor need not file a proof of claim unless the creditor seeks to take part in the distribution of estate assets. *See In re Penrod*, 50 F.3d 459, 461 (7th Cir. 1995) ("A secured creditor can bypass his debtor's bankruptcy proceeding and enforce his lien in the usual way, which would normally be by bringing a foreclosure action in a state court. This is the principle that liens pass through bankruptcy unaffected.").

However, if the secured creditor wishes to receive distributions under a debtor's Chapter 13 plan, rather than to rely solely on enforcing its lien rights in a state court foreclosure proceeding, it must first have an allowed claim on file. *Brisco v. United States (In re Brisco)*, 486 B.R. 422, 430 (Bankr. N.D. Ill. 2013). This is because Bankruptcy Rule 3021 requires distributions under plans to be made only to those creditors whose pre-petition claims are "allowed." An allowed claim under 11 U.S.C. § 502 is one that has been filed under § 501. Thus, in order for both secured and unsecured claims to be paid, they must be "allowed" after they have been filed under § 501. *Strong*, 203 B.R. at 112.

5

## B. The Bank Is Not Required to File Its Secured Claim Until the Plan Confirmation Hearing

Courts have reached opposite conclusions on the issue of whether the ninety-day deadline found in Bankruptcy Rule 3002(c) applies to secured claims. Compare *Strong*, 203 B.R. at 112 and *In re Mehl*, No. 04-85570, 2005 WL 2806676, at *3 (Bankr. C.D. Ill. 2005) (stating that secured claims are not governed by the ninety-day deadline in Bankruptcy Rule 3002(c)) with *In re Dumain*, 492 B.R. 140, 148 (Bankr. S.D.N.Y. 2013) (noting that under Bankruptcy Rule 3002(c), the ninety-day deadline for filing proofs of claim applies to secured claims, and that failure to file the claim within that time period serves as the basis for disallowance of the secured claim) and *In re Dennis*, 230 B.R. 244, 252 (Bankr. D.N.J. 1999) (holding that a secured creditor need not file a proof of claim unless the plan proposes to modify that claim). Either result can be justified by the plain language of the statutes and rules. The Court will not repeat those contrasting statutory arguments here, as they are well summarized in the *Mehl, Dumain*, and *Dennis* cases cited above.[5]

However, it is significant to this Court's analysis that the policy considerations underlying the *Dumain* and *Dennis* decisions imposing the ninety-day claims bar date upon secured creditors are not of significant concern in this Circuit. *Dumain* and *Dennis* were decisions issued by bankruptcy courts located in the Second Circuit. Those decisions relied heavily on the unfairness of permitting a secured creditor to file a proof of claim after a plan of reorganization has already been confirmed.[6] But those policy concerns speak to a post-confirmation action that is prohibited in this Circuit.

---

[5] *Mehl*, 2005 WL 2806676 at *1-3; *Dumain*, 492 B.R. at 144-48; *Dennis*, 230 B.R. at 246-253.
[6] For example, in the *Dennis* case, the court expressed the following policy concerns about exempting secured creditors from the ninety-day bar date: (1) without a deadline for the filing of claims, secured creditors could file at any time during the term of the confirmed plan; and (2) a Chapter 13 trustee cannot administer the plan with any measure of certainty if a secured creditor can file its claim years after the plan was confirmed. 230 B.R. at 253.

The Seventh Circuit has held that a confirmed plan is a binding contract between the debtor and its creditors, *Ernst & Young LLP v. Baker O'Neal Holdings, Inc.*, 304 F.3d 753, 755 (7th Cir. 2002), and that once a Chapter 13 plan is confirmed, its terms are not subject to collateral attack. *Adair v. Sherman*, 230 F.3d 890, 894 (7th Cir. 2000). As a result, at least in this Circuit, so long as a secured creditor's claim is filed prior to confirmation, none of the perceived unfairness highlighted in the *Dennis* and *Dumain* cases can occur. It follows that, under the Seventh Circuit's treatment of confirmed Chapter 13 plans, secured creditors wishing to participate in a plan may file their proof of claim any time prior to confirmation of the plan. Because a plan has not yet been confirmed in the instant case, the Court finds that the Bank's secured portion of its Claim was timely filed and is deemed allowed.

### C. The Late Filing of the Bank's Unsecured Claim Was Not Remedied by an "Informal" Proof of Claim

As stated above, the unsecured portion of the Claim relates to an unsecured deficiency judgment entered by the state court upon foreclosure of the Bank's mortgage on the Naperville Property. With respect to this component of its Claim, the Bank was required by Bankruptcy Rule 3002(c) to file a proof of claim within ninety days after the first date set for the creditors' meeting. *See In re Weise*, 455 B.R. 702, 704 (Bankr. E.D. Wis. 2011) (stating that unsecured creditors are required to file a proof of claim in a Chapter 13 case). It did not do so. The Bank advances three arguments to circumvent the time bar. For the reasons that follow, the Court rejects all three arguments and disallows the unsecured portion of the Claim.

The Bank's first two arguments are easily rebutted. First, the Bank apparently suggests that, because it filed a single claim for both debts, its unsecured claim should be "piggy-backed" onto its secured claim. But there is nothing in the Code or Rules that permits a creditor holding both secured and unsecured claims from avoiding the ninety-day bar date for unsecured claims by "piggy-backing" a late-filed unsecured claim with a properly filed secured claim.

The Bank next argues that it should not be bound by Rule 3002(c)'s ninety-day bar date because the Debtor failed to properly list and describe the Bank's dual debts on his Schedules and because the Debtor's amended plan (Docket No. 49) fails to address the mortgage arrearage. However, the relevant issue is not whether the Debtor properly described the Bank's debt, but whether the Bank received notice of the claims bar date in time to meet it. Here, it is undisputed that the Bank received timely written notice that (1) the Debtor had filed a bankruptcy case; (2) the § 341 meeting of creditors was to be held on July 17, 2013; and (3) the claims bar date was October 15, 2013. Thus, the Bank cannot plausibly argue that it was not made aware of the bar date in time to file a claim.

The Bank's strongest argument is that its response filed on July 12, 2013, to the Debtor's motion to extend the stay should be considered an "informal" proof of claim. "The informal proof-of-claim doctrine is an equitable doctrine that permits bankruptcy courts to treat a creditor's late formal claim as an amendment to a timely informal claim." *In re marchFirst, Inc.*, 573 F.3d 414, 418 (7th Cir. 2009). The doctrine was "developed by the courts to ameliorate the strict enforcement of the claims bar date." *In re Wigoda*, 234 B.R. 413, 415 (Bankr. N.D. Ill. 1999). While the Seventh Circuit has acknowledged the doctrine's viability, *marchFirst*, 573 F.3d at 418; *In re Boone Cnty. Utils., LLC*, 506 F.3d 541, 544-45 (7th Cir. 2007), it has held that a bankruptcy court does not have equitable powers "to allow a late-filed proof of claim outside the exceptions contained in Rule 3002(c)." *Greenig*, 152 F.3d at 635. Thus, "[t]he 'informal proof of claim' doctrine in this circuit is narrow." *In re marchFirst, Inc.*, 448 B.R. 499, 508 (Bankr. N.D. Ill. 2011). As one bankruptcy court has stated, the doctrine has grown "well beyond its original boundaries," it is "sorely in need of pruning in order to bring some clarity to its proper application and usage," and it "'should be tethered rather closely to its roots.'" *In re*

*Fink*, 366 B.R. 870, 876 (Bankr. N.D. Ind. 2007) (quoting *In re Harris*, 341 B.R. 660, 664 (Bankr. N.D. Ind. 2006)).[7]

The Seventh Circuit has never articulated the criteria for a document to be considered an informal proof of claim. Nor do the district courts in this Circuit agree on a uniform set of standards for making that determination. Some courts have allowed documents not actually intended as a proof of claim to be construed as one. *See In re Gonzalez*, 295 B.R. 584, 588-89 (Bankr. N.D. Ill. 2003) (finding that an objection to Chapter 13 plan confirmation qualified as an informal proof of claim). The court in that case adopted the following test in order for a document to constitute an informal proof of claim: the document must (1) have been timely filed with the court and be part of the record; (2) state the existence and nature of the debt; (3) state the amount of the claim; and (4) evidence the creditor's intent to hold the debtor liable. *Id.* However, several years later, in determining that an e-mail message would not be construed as an informal proof of claim, the same judge acknowledged the narrowness of the doctrine; did not apply or mention the test he set forth in *Gonzalez*; and stated that the doctrine "applies only when a creditor timely files a document that is meant as a proof of claim but is somehow defective or incomplete." *marchFirst*, 448 B.R. at 509.

Cognizant of the Seventh Circuit's holding in *Greenig*, the Court must apply the informal proof of claim doctrine narrowly. 152 F.3d at 635. The Court accordingly finds that the attachment of the Bank's state court deficiency judgment as Exhibit G to its response to the

---

[7] Judge Robert Grant has noted that "[t]rimmed back to something more closely approximating the doctrine's original shape, an informal proof of claim is a defective claim. In other words, it is an effort to assert a claim against the bankruptcy estate which, usually for technical reasons, fails to fulfill the required formalities. It should not be found in a masquerade in which some other type of relief is sought and then subsequently unmasked to reveal what is argued to have been a proof of claim all along. This is especially so when the filings have been made by sophisticated law firms and experienced bankruptcy practitioners. . . . Attorneys, particularly experienced bankruptcy practitioners, are expected to know the difference between motions and objections and adversary proceedings and claims, and they are expected to file the appropriate thing at the appropriate time. *Id.* at 876-77 (citations omitted).

Debtor's motion to extend the stay cannot be accepted as an informal proof of claim. The document at issue was filed as a response in opposition to the Debtor's motion seeking an extension of the automatic stay and was intended to demonstrate that the Debtor had filed his bankruptcy case in bad faith. It was not intended to put the Trustee, the Debtor, or other creditors on notice of the amount or validity of the Bank's unsecured deficiency claim. "Virtually every pleading filed by a creditor in a bankruptcy case contains allegations that identify the creditor as holding a claim and seeking payment or other enforcement rights. Allowing stay relief motions and other pleadings to be treated as informal claims would emasculate the claim filing requirement and the accompanying bar date." *In re Brooks*, 370 B.R. 194, 202 (Bankr. C.D. Ill. 2007); *see also In re Batista-Sanechez*, 502 B.R. 227, 230 (Bankr. N.D. Ill. 2013) (refusing to consider a motion to lift the stay as an informal proof of claim).

The Bank undeniably had notice of the claims bar date and was adequately represented by experienced counsel who knew or should have known the difference between a pleading in response to a motion to extend the stay and a proof of claim. Its request to have its response to the Debtor's motion to extend the stay treated as an informal proof of claim therefore requires this Court to violate both the letter and the spirit of the claims filing requirement and the bar date, which it is not willing to do.

The Bank cites *In re Unroe*, 937 F.2d 346 (7th Cir. 1991) for the proposition that the Court has broad equitable power to authorize late-filed claims. Further, the Bank argues that the equities of the case militate in favor of treating its pleading as an informal proof of claim.[8] The Court rejects these arguments.

---

[8] Specifically, the Bank refers to the facts that: (1) the Debtor failed to schedule the Bank's unsecured Claim in his petition; (2) after the deficiency judgment was brought to his attention, the Debtor failed to amend the petition to include this debt; and (3) after the Bank filed its Claim, the Debtor filed an amended plan that proposes to pay the Bank nothing on its mortgage arrears either through or outside of the plan.

Firstly, the *Unroe* case is not on point. There, the bankruptcy court exercised its equitable powers to allow a late-filed claim. The Internal Revenue Service filed a timely claim against the debtor's estate for 1982 taxes but filed a late claim for the 1983 taxes. *Id.* at 347. The debtor's Chapter 13 plan provided for the payment of taxes for both tax years. *Id.* Both the bankruptcy court and the district court allowed the late claim for the 1983 taxes on the basis that, under Bankruptcy Rule 7015, the late claim related back to the timely claim for the 1982 taxes. *Id.* at 348. The Seventh Circuit disagreed that the late claim related back to the timely-filed claim, *id.* at 349, but held that the late claim was allowable under the alternate equitable theory that the debtor was not "caught unawares," as her plan already proposed to pay both the 1982 and 1983 taxes in an amount larger than the timely and untimely claims combined. *Id.* at 351. The document at issue in *Unroe* was, from its inception, explicitly intended to be a proof of claim and was defective only as to the timing of its filing. Its allowance was consistent with a narrow construction of the doctrine of an informal proof of claim.

In the present case, by contrast, what this Court is being asked to accept as an informal proof of claim is not a document that was originally intended as a claim and later found to be incomplete or to suffer from some technical defect. It is a wholly different kind of document, a pleading intentionally drafted to achieve a specific purpose. That purpose was not to assert a claim. It was to object to the Debtor's motion to extend the automatic stay, and nothing more.

Secondly, the Seventh Circuit's holding in *Greenig* that a bankruptcy court does not have the equitable powers to allow a late-filed proof of claim outside the exceptions contained in Bankruptcy Rule 3002(c), bars the Court from considering the equities of this case. *See also In re UAL Corp.*, 412 F.3d 775, 778 (7th Cir. 2005) (stating that bankruptcy courts cannot utilize 11 U.S.C. § 105(a) as an independent source of substantive authority).

The Seventh Circuit once admonished a creditor that failed to file a timely unsecured proof of claim that it had suffered a "'self-inflicted wound,' and it [had] no one to blame but itself for [its] predicament." *In re Outboard Marine Corp.*, 386 F.3d 824, 828 (7th Cir. 2004). The same may be said here of the Bank. Because the Bank failed to file a timely proof of claim on the unsecured portion of its debt, that portion of its Claim is disallowed under § 502(b)(9).

## V. CONCLUSION

For the foregoing reasons, the Court overrules the Debtor's objection to the secured portion of the Claim. The Court deems allowed the secured portion of that Claim in the amount of $233,229.68. Further, the Court finds that the Bank's response to the Debtor's motion to extend the automatic stay does not constitute an informal proof of claim. Therefore, the Court sustains the Debtor's objection to the Claim with respect to the unsecured portion of the Claim, finding that it was not timely filed. The unsecured portion of the Claim in the amount of $97,242.51 is disallowed.

ENTERED:

DATE: April 15, 2014

Donald R. Cassling
**Donald R. Cassling**
**United States Bankruptcy Judge**