BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS

-------------------------------------------------------------------------------------------X

| | |
|---|---|
| In Re: | : |
| | : Chapter 13 |
| Edward Pajian | : |
| | : Case No. 13-25893 |
| | : |
| | :Judge:  Cassling --Geneva-- |
| | :Trustee:  Stearns |
| | :Hearing Date: 7/10/15 at 10:00 a.m. |

-------------------------------------------------------------------------------------------X

### DEBTOR'S RESPONSE IN OPPOSITION TO DUPAGE COUNTY'S OBJECTION TO PLAN
(Docket No. 112)

Now Comes debtor Edward Pajian, by and through debtor's attorney, Robert V. Schaller of the Schaller Law Firm, P.C., and opposes the objection to the plan filed by the DuPage County Treasurer's Office ("Treasurer") on February 27, 2015 as Docket No. 112. Debtor seeks an order overruling the Treasurer's objection.

### FACTS:

The Treasurer never filed a proof of claim despite debtor owing the Treasurer a prepetition debt related to unsold real estate taxes on debtor's property.  The proof of claim filing deadline expired on October 15, 2013---approximately 18 months ago.  The Treasurer never filed a proof of its secured claim probably because the Treasurer believed the filing deadline of Federal Rule of Bankruptcy Procedure 3002(c) did not apply to secured creditors.

Nevertheless, debtor desired to pay the real estate taxes and included a provision in the plan filed as Docket No. 107 to pay the Treasurer's prepetition debt.  The Treasurer filed the pending objection to debtor's plan arguing that the payment provision was less than the true amount of the prepetition claim.  In response, debtor filed an amended plan increasing the payment to the Treasurer, which was docketed as No. 121.

The Treasurer's attorney was prepared to withdraw the plan objection at the July 19, 2015 hearing on the Treasurer's objection.  However, the trustee's attorney Pam Peterson orally

Debtor Edward Pajian's Brief in Opposition to DuPage County Treasurer's Objection to Plan (Docket No. 112)  13-25893.

objected to the amended plan prior to the June 19, 2015 hearing.  The trustee objected to the

Treasurer's claim being included in the plan because the Treasurer had failed to file a proof of

claim as required by the 7th Circuit's recent opinion <u>In re Pajian</u>, No. 14-2052, (7th Cir.

2015)(May 11, 2015).

## LAW:

The United Stated Court of Appeals for the Seventh Circuit made it clear that the deadline

for filing a proof of claim in Federal Rule of Bankruptcy Procedure 3002(c) applies to all claims,

including those of secured creditors like the Treasurer.  <u>Id</u>.  The Treasurer held a secured claim

for its prepetition debt and was obligated to comply with the Rule 3002(c) deadline of October

15, 2013 if it wanted to participate in plan distributions.

Furthermore, Rule 3021 requires the trustee to distribute funds to creditors holding <u>allowed</u>

claims according to the terms of a confirmed plan.  But the Treasurer does not hold an allowed

claim because no proof of claim has been filed pursuant to 11 USC §501 et seq.

At the July 19, 2015 hearing, the trustee's attorney orally suggested that the Court could

extend the Rule 3002(c) filing deadline [by 18 months] so as to allow the Treasurer to file a

proof of claim. However, Rule 9006(b)(3) specifically limits the Court's ability to extend the

deadline.  Rule 9006(b)(3) states:

> The court may enlarge the time for taking actions under Rules
> …3002(c) …, only to the extent and under the conditions stated in
> those rules.

Rule 3002(c) sets forth only six exceptions that would extend the proof of claim filing

deadline past October of 2013.  None of those exceptions apply.

The trustee appears to be correct when the trustee argued that the plan cannot contain a

payment to the Treasurer for its prepetition debt because no proof of claim has been filed.

Therefore, the plan needs to be amended again to remove the plan provision that pays the

**2** | Debtor Edward Pajian's Brief in Opposition to DuPage County Treasurer's Objection
to Plan (Docket No. 112)  13-25893.

Treasurer's prepetition debt.  Debtor anticipates filing another amended plan after the Court rules

on the Treasurer's pending objection.


## CONCLUSION

Wherefore, Debtor Edward Pajian respectfully opposes the objection to the plan filed

by the DuPage County Treasurer's Office and seeks the entry of an order overruling the

Treasurer's objection, and provide such other and further relief as the court deems appropriate.


**Edward Pajian**

s/s Robert Schaller
By:  Debtor(s)' Counsel


Robert V. Schaller
Schaller Law Firm, P.C.
Attorney for Debtor(s)
700 Commerce Drive, Suite 500
Oak Brook, IL  60523
630-655-1233