United States Bankruptcy Court
Northern District of Illinois, Eastern Division

In re: )
Edward Pajian ) Case No. 13-25893
 )
    Debtor. )
 ) Chapter 13
 )
 )
 ) Judge Donald R. Cassling
 ) Trustee: Stearns
 ) Hearing Date: 7/10/15

**DUPAGE COUNTY TREASURER'S OFFICE REPLY TO DEBTOR'S RESPONSE**

NOW COMES the DuPage County Treasurer's Office (hereinafter "Treasurer"), by and through its attorney, Robert B. Berlin, DuPage County State's Attorney, through his Assistant, Barbara Q. Reynolds, and hereby submits its Reply to Debtor's Response requesting this Honorable Court to sustain the Treasurer's objection.

**FACTS**

Treasurer agrees with Debtor's Statement of Facts, with two clarifications:

1. Since Treasurer is a government creditor, the proof of claim filing deadline expired on December 23, 2013, (as opposed to October 15, 2013, as Debtor had asserted).

2. The Treasurer never filed a proof of its secured claim because the Treasurer believed the filing deadline of Federal Rule of Bankruptcy Procedure 3002(c) (hereinafter "Rule 3002 (c)") did not apply to secured creditors (deleting the word "probably" from Debtor's statement).

**LAW**

The United States Court of Appeals for the Seventh Circuit held that the deadline for filing a proof of claim under Rule 3002(c) applies to both unsecured claims as well as to secured claims. *In re*

*Pajian*, No. 14-2052 (7th Cir. 2015) (May 11, 2015). In that case, the Seventh Circuit analyzed Lisle Savings Bank's failure to file a proof of claim for its secured interest in Debtor's real estate. *Id.* However, the court did not address tax liens which are a completely different animal than a traditional secured claim.

"When interpreting statutes, courts must first and foremost give words their plain meaning unless doing so frustrates the overall purpose of the statutory scheme, leads to absurd results, or contravenes clearly expressed legislative intent. *Young v. Schmucker*, 409 B.R. 477, 480, *citing United States v. Vallery*, 437 F.3d 626, 630 (7th Cir. 2006). Although the Seventh Circuit's interpretation of Rule 3002 (c) is reasonable when applied to traditional secured creditors, requiring the Treasurer to file a proof of claim for each case in which it has a secured claim would produce absurd results and frustrate the overall purpose of the statutory scheme

In the instant case, Debtor filed his bankruptcy case on June 25, 2013. At that time, Debtor was past due on his first installment of 2012 taxes (due June 1, 2013), and his second installment of 2012 taxes were almost due (due September 1, 2013). At the time Debtor filed bankruptcy, the Treasurer not only had a secured interest in Debtor's 2012 taxes, the Treasurer also had a secured interest in Debtor's 2013 taxes. January 1, 2013, Treasurer's tax lien attached to Debtor's property.

The taxes upon property, together with all penalties, interests and costs that may    accrue thereon, shall be a prior and first lien on the property, superior to all other liens    and    encumbrances, from and including the first day of January in the year in which the taxes are levied until the taxes are paid or until the property is sold....35 ILCS 200/21-75.

Although the Treasurer already had a lien on January 1, 2013, for the 2013 taxes, it was not until May 1, 2014, that the Treasurer knew the amount of its secured claim—had knowledge of the actual amount of Debtor's tax bill.[1] Not until June 1, 2014, was the first installment of Debtor's 2013 taxes due.

---

[1] In the fall of 2012 the township assessors generated property assessments; tax payers then had time to object and have a hearing; by around January 31, 2014, the township assessors sent the assessments to the DuPage County Supervisor of Assessments who then processed and forwarded these assessments to the DuPage County Clerk's Office who calculates the tax rate, and then provided these records to the DuPage County Treasurer's Office around the May 1, 2014.

Applying the *Pajian* court's interpretation of Rule 3002 (c), the Treasurer would have had to file a proof of claim by December 23, 2013, for its secured interest in Debtor's 2013 taxes, even though at that time Treasurer did not know the amount of its secured claim. When filing the proof of claim, the Treasurer would not have been able to attach the 2013 tax bill because it did not yet exist. This application of the 2003 (c) statute produces an absurd result.

Furthermore, similar to the Debtor in this case, debtors generally desire to pay real estate taxes during the pendency of their Chapter 13 cases. Applying the *Pajian* court's interpretation of Rule 2003 (c) to tax claims is disadvantageous to debtors and results in another absurd result. After a debtor completes a typical 60 month Chapter 13 case, a tax debt that has not been paid, or accounted for in a plan, has an additional 90% interest added to the principle owed. (The statutory interest on real estate taxes in Illinois is 1.5% per month or 18% per year.  35 ILCS 200/21-15.) Completing a Chapter 13 bankruptcy case is supposed to give a debtor a "fresh start"--paying back taxes with an additional 90% interest is certainly not a "fresh start".

Additionally, if the Treasurer is required to file a proof of claim in bankruptcy cases whenever the Treasurer has a claim, the Treasurer would have to file a proof of claim on every case where the debtor owns property in DuPage County. The Treasurer has a claim in each of these cases because of the January 1st statutory lien discussed above. The Treasurer would have no way of knowing which taxes would eventually be paid by the debtor, since the taxes would not actually be due until up to as much as 17 months after a bankruptcy case had been filed. To further complicate matters, lenders often pay these taxes, thus in many cases the Treasurer would be receiving payment from the debtor and debtor's lender. If the Treasurer is forced to request that real estate taxes are a part of every Chapter 13 plan, then this process will lead to absurd results and frustrate the overall purpose of the statutory scheme of bankruptcy law. In some instances when the taxes are added on so early to the plan, this additional money "owed" by

the debtor will cause the plan not to be feasible, when in fact the lender may have ended up paying the taxes.

The Seventh Circuit in *Pajian* explained that the principles of judicial administration support the result of requiring a secured creditor to file a proof of claim: "[r]equiring all creditors to file claims by the same date allows the debtor to craft and finalize a Chapter 13 plan without the concern that other creditors might swoop in at the last minute and upend a carefully constructed repayment schedule." *Id.* The court's rationale simply does not apply to a Treasurer's Office. First of all, debtors who own real property in Illinois know they owe real estate taxes on the property. Second, the real estate taxes are public record. There is no surprise to a debtor that he owes taxes, and as soon as the tax bills are generated, the bills can be accessed on-line or at the Treasurer's Office.

## CONCLUSION

WHEREFORE, the Treasurer prays that this Court sustain Treasurer's objection to Debtor's January 23, 2015 Chapter 13 plan and confirm Debtor's June 16, 2015 plan filed on June 16, 2015 (Docket #121) allowing Debtor to pay real estate taxes as part of his Chapter 13 plan.

Respectfully submitted,
/s/Barbara Q. Reynolds
Date: July 7, 2015

Barbara Q. Reynolds #: 6209778
Assistant State's Attorney
Robert B. Berlin
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, IL 60187
Tel: 630-407-8272

United States Bankruptcy Court
Northern District of Illinois, Eastern Division

In re:                              )
Edward Pajian                       )    Case No. 13-25893
                                    )
        Debtor.                     )
                                    )    Chapter 13
                                    )
                                    )
                                    )    Judge Donald R. Cassling
                                    )    Trustee: Stearns
                                    )    Hearing Date: 7/10/15

## ORDER DENYING CONFIRMATION

1. Creditor, DuPage County Treasurer's Office, has filed an Objection to Confirmation requesting this Honorable Court to deny confirmation of Debtor's January 23, 2015, plan.

2. Proper notice was provided.

IT IS HEREBY ORDERED THAT:

   DuPage County Treasurer's Office's Objection is sustained and confirmation of the Debtor's Chapter 13 Plan filed on January 23, 2015, is denied.

                                         Enter:

                                         _____

Dated: July 7, 2015                      United States Bankruptcy Judge
**Prepared by:**
Barbara Q. Reynolds ARDC #: 6209778
Assistant State's Attorney
Robert B. Berlin
DuPage County State's Attorney's Office
503 N. County Farm Road
Wheaton, IL  60187
Tel:  630-407-8272

United States Bankruptcy Court
Northern District of Illinois, Eastern Division

In re:                                      )
Edward Pajian                               )   Case No. 13-25893
                                            )
         Debtor.                            )
                                            )   Chapter 13
                                            )
                                            )
                                            )   Judge Donald R. Cassling
                                            )   Trustee: Stearns
                                            )   Hearing Date: 7/10/15

**CERTIFICATE OF SERVICE**

Glenn Stearns                               Bob Schaller
Chapter 13 Trustee                          Schaller Law Firm, P.C.
801 Warrenville Road                        Oak Brook Pointe
Suite 650                                   700 Commerce Drive, Suite 500
Lisle, IL  60532                            Oak Brook, IL  60523


I certify that this office caused a copy of this notice to be delivered to the above-listed persons by depositing it in the U.S. Mail on July 7, 2015, at 503 N. County Farm Road, Wheaton, Illinois.

/s/ Barbara Q. Reynolds
Assistant State's Attorney ARDC #: 6209778
For:  DuPage County Treasurer's Office