UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 13 |
| | ) | |
| Edward Pajian, | ) | Case No. 13-25893 |
| | ) | Honorable Donald Cassling |
| Debtor. | ) | Hearing Date: March 14, 2016 |
| | | 10:00 a.m. |

PRETRIAL STATEMENT REGARDING LISLE SAVINGS BANK'S
MOTION FOR RELIEF FROM AUTOMATIC STAY

Now comes secured creditor Lisle Savings Bank ("Bank"), by and through its attorneys, Mark F. Kalina and John J. Pcolinski, Jr., and submits this Pretrial Statement. This Pretrial Statement was jointly prepared by attorney Mark F. Kalina and attorney Robert V. Schaller, who is one of the attorneys for the debtor. This Pretrial Statement is being prepared as directed by the Court in its Final Pretrial Order dated November 6, 2015.

BRIEF STATEMENT OF THE THEORY OF MOTION AND OBJECTION

Bank is seeking an order granting relief from automatic stay in order to enable Bank to proceed with its mortgage foreclosure case in state court concerning certain property commonly known as 4716 Main Street, Lisle, Illinois (the "Property"). The automatic stay has already been modified to permit Bank to seek declaratory relief as to its ownership interest in the Property, the debtor's obligation to share rental income and provide accountings to Bank with respect to the Property, and the effect of an allegedly forged deed.

Bank will offer clear and convincing evidence establishing that (a) the debtor has no equity in the property and that the Property is not necessary to effect a reorganization of the debtor, and (b) Bank lacks adequate protection. The debtor will offer evidence to attempt to convince the Court otherwise.

1

## STATEMENT OF STIPULATED FACTS

a. Procedural History

1. The debtor's Chapter 13 petition was filed on June 25, 2013 (Docket No. 1).

2. On August 7, 2015, the debtor filed his modified Chapter 13 plan (Docket No. 144).

3. On August 27, 2015, Bank filed its motion for relief from automatic stay (Docket No. 153).

4. On September 23, 2015, this Court entered an order partially modifying the automatic stay (Docket No. 164).

5. On September 24, 2015, the debtor filed his response to Bank's motion (Docket No. 165).

6. On November 5, 2015, this Court entered another order partially modifying the automatic stay (Docket No. 180).

7. On October 9, 2015, Bank filed its reply to the debtor's response to Bank's motion (Docket No. 167).

b. Property

8. Bank's Exhibit 6 is a genuine copy of the land trust agreement that owns title to the Property with social security numbers redacted.

9. The corpus of the land trust evidenced by Bank's Exhibit 6 is the Property.

10. The debtor does not collect rent with respect to the commercial space on the first floor of the Property.

11. The second floor of the Property consists of four residential apartment units and a storage unit.

12. The debtor owns a 50% beneficial interest in the Land Trust.

13. On or about December 23, 1997, to evidence a loan made by Bank, the trustee of the land trust executed and delivered to Bank a promissory note (Bank's Exhibit 3) to Bank. Bank's Exhibit 3 is a genuine copy of the promissory note.

14. On or about December 23, 1997, to secure the repayment of the promissory note, the trustee of the land trust executed and delivered to Bank a mortgage (Bank's Exhibit 4). Bank's Exhibit 4 is a genuine copy of the mortgage.

15. The mortgage was recorded at the DuPage County Recorder of Deeds on January 7, 1998 as document no. R98-003069.

16. On or about December 23, 1997, the debtor and Nora Pajian executed and delivered to Bank a collateral assignment of the beneficial interest in the land trust (Bank's Exhibit 5. Bank's Exhibit 5 is a genuine copy of the collateral assignment.

17. Bank's Group Exhibit "E" consists of genuine copies of tax bills for the Property for the tax years 2012, 2013, and 2014.

18. In accordance with the terms of the Mortgage, the debtor is required to pay all real estate taxes for the Property.

19. As of July 29, 2015 real estate taxes for the first installment of the 2012 tax year in the amount of $5,903.47 for the Property were unpaid, penalty interest at the rate of 40.50% was assessed in the amount of $2,390.91, and interest continues to be assessed at the rate of 18% or $1,062.62 per year.

20. As of July 29, 2015 real estate taxes for the second installment of the 2012 tax year in the amount of $5,903.47 for the Property were unpaid, penalty interest at the rate of 36% was assessed in the amount of $2,125.25, and interest continues to be assessed at the rate of 18% or $1,062.62 per year.

21. As of July 29, 2015 real estate taxes for the first installment of the 2013 tax year in the amount of $5,460.60 for the Property were unpaid, penalty interest at the rate of 22.50% was assessed in the amount of $6,689.24, and interest continues to be assessed at the rate of 18.00% or $982.90 per year.

22. As of July 29, 2015 real estate taxes for the second installment of the 2013 tax year in the amount of $5,460.60 for the Property were unpaid, penalty interest at the rate of 18% was assessed in the amount of $982.91, and interest continues to be assessed at the rate of 18% or $982.90 per year.

23. Interest is accruing on the unpaid real taxes for the Property at the rate of 18% per annum.

24. Real estate taxes and penalties for the Property for the first installment of the 2012 tax year in the amount of $8,294.38 are prepetition obligations of the debtor that are prohibited to be paid by the debtor through a Chapter 13 plan because neither the debtor nor the tax collection authorities for DuPage County filed a proof of claim.

25. Under the terms of the land trust agreement, the trustee of the land trust is required to sell the Property after December 22, 2017.

26. On September 19, 2012, the debtor testified at a public hearing before the Village of Lisle Planning and Zoning Commission and stated that the first floor of the Property had been vacant for over seven years.

27. The debtor's latest proposed plan makes no provision for the curing of the prepetition arrearage owed to Bank.

28. As of October 23, 2015, debtor has adequately insured the Real Estate as required by any contractual agreement with Lisle Savings Bank.

29. Debtor's postpetition mortgage payment obligation to Lisle Savings Bank is $1,164 monthly.

4

30. Section C of the Plan correctly identifies debtor's postpetition mortgage payment obligation to Lisle Savings Bank as $1,164 monthly.

31. As of March 2, 2016, debtor is current with debtor's postpetition mortgage payment obligation to Lisle Savings Bank.

32. As of October 23, 2015, DuPage County had not sold the unpaid real estate taxes relating to the Real Estate for the calendar year 2012 originally due in 2013.

33. During a court hearing before Judge Cassling, DuPage County attorney Barbara Reynolds represented that DuPage County would not sell during the bankruptcy case the real estate taxes relating to the Real Estate for the calendar year 2012 originally due in 2013.

34. As of October 23, 2015, a for-rent or for-lease sign is visible on the front window of the Real Estate.

35. As of October 23, 2015, any for-rent or for-lease sign visible on the front window of the Real Estate identifies a contact person and telephone number.

## STATEMENT OF DISPUTED FACTS

36. Whether Bank has advanced the sum of $27,192.76 for the payment of real estate taxes for the Property for prior years.

37. Whether Bank has received cancellation notices from the insurer of the Property and advanced sums for force placed insurance for prior years.

38. Whether Sections G and E(3.1)(a) of the Plan provide for full payment of the unpaid real estate taxes relating to the Real Estate for the calendar year 2013 originally due in 2014.

39. Whether Sections G and E(3.1)(b) of the Plan provides for full payment of the unpaid real estate taxes relating to the Real Estate for the calendar year 2014 originally due in 2015.

40. Whether debtor is current with debtor's chapter 13 plan payment obligations as set forth in Section D(1) of the Plan.

41. Bank asserts that it lacks adequate protection of its interest in the Property because it is being mismanaged by the debtor insofar as the first floor commercial space has not been rented for the last ten years. The debtor disputes this fact.

42. Bank asserts that it lacks adequate protection of its interest in the Property in that its fair market value has been decreasing and the lien for real estate taxes and penalties has been increasing. The debtor disputes this fact.

43. The debtor asserts that he can effectuate a reorganization by selling or refinancing the Property as economic conditions improve. Bank disputes this fact in that Bank asserts that economic conditions are not improving with respect to the Property and the debtor does not have the ability to sell or refinance without procuring Bank's signature on a direction to the land trustee to sign a deed or mortgage.

44. Bank asserts that the debtor lacks equity in the Property. The debtor disputes this fact.

45. Debtor asserts that the Property is necessary to effectuate a reorganization. Bank disputes this fact, asserting, among other things, that the land trustee is obligated to sell the Property on December 22, 2017.

## WITNESS LIST

a. **Bank's Witnesses**

1. Edward Pajian

2. Linda Sharkey

3. Ralph Renn

4. Peter Hellend

5. Don Dinapoli

6. Edward Kling


b. **Debtor's Witnesses**

1. Edward Pajian

2. Douglas Krause

3. Brent Baldwin

4. Ed Chapman

5. Nora Pajian

## EXHIBIT LISTS

### a. Bank's Exhibits

1. Petition and Schedules A and D (Docket No. 1)

2. Amended Plan (Docket No. 144)

3. Promissory Note

4. Mortgage

5. Collateral Assignment of Beneficial Interest

6. Land Trust Agreement

7. Tax Bills

8. Pretrial Statement Regarding Debtor's Motion to Extend the Automatic Stay (Docket No. 30)

9. Motion for Relief from Automatic Stay (Docket No. 153)

10. Debtor's Response in Opposition to Lisle Savings Bank's Motion for Relief from Automatic Stay (Docket No. 165)

11. Lisle Savings Bank's Reply to Debtor's Response to Motion for Relief form Automatic Stay (Docket No. 167)

12. Lisle Savings Bank's First Request to Admit Facts and Genuineness of Documents

13. Debtor's Response to Lisle Savings Bank's First Request to Admit Facts and Genuineness of Documents

14. Debtor's Response in Opposition to Lisle Savings Bank's Objection to Plan (Docket No. 135)

15. Zoning ordinance Ch. 10 B-3 Central Business District

16. Loan balance spreadsheet

17. Annual loan statements

18. Appraisal report dated June 10, 2014

19. Appraisal report dated February 25, 2016

b. **Debtor's Exhibits**

1. Petition and Schedules A and D (Docket No. 1)

2. Amended Schedules I and J (Docket No. 48)

3. Amended Plan (Docket No. 144)

4. Promissory Note and Loan Modification Agreement

5. Mortgage

6. Collateral Assignment of Beneficial Interest

7. Land Trust Agreement

8. Motion for Relief from Automatic Stay (Docket No. 153)

9. Debtor's response to Moton for Relief from Automatic Stay (Docket No. 165)

10. Chapter 13 Trustee's Financial Statement as of February 23, 2016

11. Mortgage Payments for November 2015, December 2015, January 2016, February 2016, and March 2016

12. Proof of Insurance Valid Through 1/29/2017

13. Bank's Responses to Debtor's First Request to Admit Facts

14. Debtor's Appraisal of Property

15. Bank's Proof of Claim (Proof of Claim No. 5)

Respectfully submitted,

LISLE SAVINGS BANK

By: */s/ Mark F. Kalina*
One of its attorneys